

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 14, 1976

The Honorable Gene Heatly
County Attorney
Wilbarger County
Vernon, Texas 76384

Opinion No. H-909

Re: Compensation of
attorneys appointed to
represent indigents for
time spent on legal
research and investigation.

Dear Mr. Heatly:

You ask two questions about the provisions in article
26.05, Code of Criminal Procedure, for compensation of
counsel appointed to represent indigent defendants. Your
first question is:

> Under Article 26.05, Sec. 1(a) may the
> Court take into consideration the number
> of hours spent by an attorney on behalf
> of his client on legal research and
> investigation, both in and out of Court, in
> awarding attorney's fees to compensate the
> attorney?

In answering your first question, we assume that in referring
to hours spent on legal research and investigation in court
you mean any in-court services an attorney may perform in
representing his client. Article 26.05, Code of Criminal
Procedure, provides:

> Section 1. A counsel appointed to defend
> a person accused of a felony or a misdemeanor
> punishable by imprisonment, or to represent
> an indigent in a habeas corpus hearing, shall
> be paid from the general fund of the county in
> which the prosecution was instituted or habeas
> corpus hearing held, according to the following
> schedule:

p. 3813

> (a) For each day or a fractional part thereof
> in court representing the accused, a reasonable
> fee to be set by the court but in no event to
> be less than $50 . . . . .

In Attorney General Opinion H-789 (1976), we said that a court-appointed attorney may not be compensated under article 26.05 if he does not appear in court.  Once he appears in court, the judge must set a reasonable fee for each day or fraction thereof in court.  The statute does not state the factors which the judge may consider in setting the fee, but leaves him considerable discretion to value the attorney's respresentation of the accused.  Cf. Eggleston v. State, 422 S.W.2d 460 (Tex. Crim. App. 1967).  The judge's determination carries a presumption of reasonableness, and if the commissioners court objects to paying the fee, it has the burden of showing that his action was so unreasonable, arbitrary and capricious as to amount to an abuse of discretion.  Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. -- Amarillo 1971, writ ref'd n.r.e.); Attorney General Opinion H-499 (1975).  When asked about the reasonableness of compensation awarded by a judge who considered time spent on out-of-court preparation, we determined in H-499 that its reasonableness was a fact question, which we could not resolve.  We do not believe that the fee is inherently unreasonable because the judge considered out-of-court preparation as one factor in valuing the court appearance.  Nor can we say that the court may not consider the number of hours spent on in-court activities, so long as the resulting fee is reasonable.  The reasonableness of any particular fee based on these or other considerations is, of course, a question that we cannot resolve.  See State Bar of Texas, Rules and Code of Professional Responsibility, DR 2-106(B).  See generally Annot., 18 A.L.R.3d 1074, 1104 et seq. (1968).

Your second question is:

> If an attorney billed himself and paid
> himself for legal research and investiga-
> tion done by the attorney on behalf of
> his client, would such investigation and
> legal research then constitute 'expenses
> incurred for the purpose of investigation'
> under Article 26.05, Sec. 1(d)?

Section 1(d) of article 26.05, Code of Criminal Procedure provides compensation for appointed counsel:

> For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500.

We said in Attorney General Opinion H-789 (1976) at 3 that "subsection (d) is limited in its application to the reimbursement of expenses actually incurred by the attorney, and cannot be extended to compensate him for his out-of-court time."   In Attorney General Opinion C-713 (1966) at 3, this office said of article 26.05, section 1(c), the predecessor of section 1(d), that "this provision is intended to reimburse the attorney for money paid out for purposes of investigation and expert testimony and is not to be construed as allowing additional fees for service rendered to the indigent."   Even though an attorney bills and pays himself for legal research and investigation, he still is seeking compensation for his own out-of-court services for the defendant, not compensable under article 26.05, section 1(d).   We answer your second question in the negative.

### S U M M A R Y

> A fee awarded under article 26.05, section 1(a), Code of Criminal Procedure, is not inherently unreasonable because the court considered time spent on legal research and investigation in establishing it.  Legal research and investigation done by an attorney and billed to himself is not compensable under article 26.05, section 1(d).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb